# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NANCY GUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00794-TWP-DLP |
| | ) | |
| WESTON BRANDS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

This matter is before the Court on Defendant Weston Brands, LLC's ("Weston") Motion to Dismiss (Filing No. 15) Count II of Plaintiff Nancy Gunter's ("Gunter") Complaint (Filing No. 1-3) pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court **grants** Weston's Motion to Dismiss, and Count II of the Complaint is **SUBSUMED** by Count I, the Indiana Product Liability Act claim and merged into a cause of action under that statute for manufacturing defect, design defect and failure to warn.

## I.    BACKGROUND

The facts set forth herein are obtained from Gunter's Complaint (Filing No. 1-3). These facts are not necessarily objectively true, but as required with a motion to dismiss, the Court accepts as true all facts alleged in the complaint and construe all reasonable inferences in favor of Gunter, the non-movant. *See Lake v. Neal,* 585 F.3d 1059, 1060 (7th Cir. 2009).

Gunter was an employee at Club 14, a restaurant located in Peru, Indiana. (Filing No. 1-3 at ¶ 5). Gunter was a user or consumer of a Weston Brands Meat Grinder. *Id*. at ¶ 8. On November 8, 2018, while using the meat grinder as a part of her job, Gunter's right hand became caught in the grinding mechanism, which resulted in the amputation of her right hand. *Id*. at ¶ 6. Weston

was involved with the manufacturing, distribution, and/or selling of meat grinders and replacement parts of meat grinders to the public, including the meat grinder that was used by Gunter. *Id*. at ¶ 3. The Weston Brands Meat Grinder was defective in its design, manufacture, and/or marketing and warnings and Weston placed it into the stream of commerce in a defective condition unreasonably dangerous to its users or consumers. *Id*. at ¶¶ 13-14. Specifically, the meat grinder used by Gunter had a grinding mechanism and auger that were not guarded in a manner to prevent someone's hand or arm from touching the grinding mechanism and auger. *Id*. at ¶ 14. Additionally, the guard was not permanently attached to the tray. (Filing No. 3-1 at 4 ¶15). As a result, the guard could be easily removed, lost, and/or never removed from the original packaging such that it would not be used. *Id*. ¶ 16. The diameter of the Feed Chute was excessively large such that a person's hand could fit into the Feed Chute and access the grinding mechanism and auger of the meat grinder. *Id*. at ¶¶ 18-19. In addition, the meat grinder had no emergency shutoff accessible to users and consumers. *Id*. ¶21.

On February 17, 2020, Gunter filed a Complaint in state court, (Filing No. 1-3), which was removed to this Court on March 11, 2020, (Filing No. 1). The Complaint asserts two causes of action; Count I asserts a claim under the Product Liability Act, and Count II asserts negligence on the part of Weston. On April 8, 2020, Weston filed the instant Motion seeking to dismiss Count II of Gunter's Complaint (Filing No. 15).

## II.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of any portion of a complaint for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). When considering a motion to dismiss under Rule 12(b)(6), a court accepts as true all well-pled factual allegations in the complaint and draws all

ensuing inferences in favor of the non-movant. *Lake,* 585 F.3d at 1060. To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) will be invoked to dismiss a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

"In practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (internal citations and quotations omitted). A complaint must include enough facts to state a claim to relief that is plausible on its face. *Data Research & Handling Inc. v. Vongphachanh*, 279 F. Supp. 3d 1066, 1070 (N.D. Ind. 2017). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion under Rule 12(b)(6) challenges the sufficiency of a complaint and not the merits of the suit. *Id.* Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Twombly*, 550 U.S. at 555.

### III.   DISCUSSION

Weston argues Gunter's Negligence claim must be dismissed because the Indiana Product Liability Act ("IPLA") exclusively governs tort claims for product liability. The IPLA includes actions brought by a user or consumer against a manufacturer or seller for physical harm allegedly caused by a product, regardless of the substantive legal theory or theories; therefore, it effectively incorporates all common law product liability claims, including negligence. *See* I.C. § 34-20-1-1.

Weston contends Count II of the Complaint should be dismissed because Indiana law does not provide for any common law causes of action in personal injury product liability cases, thus, Count II is therefore legally deficient.

Gunter acknowledges that Weston's argument might ultimately be true, however, it must first be established that the IPLA applies.  If it is determined that the IPLA does not apply in this case, Gunter argues she would then not have an IPLA claim and would instead proceed under her alternative claim of a negligence.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of a complaint, not the merits of the suit.  *Triad Assocs., Inc. v. Chi. Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989).  When considering a motion to dismiss, a court must accept as true all facts alleged in the complaint.  *Lake,* 585 F.3d at 1060.  The issue before the Court is thus straightforward – whether Count II of Gunter's Complaint states a claim upon which relief can be granted.

The IPLA governs "all actions that are: (1) brought by a user or consumer; (2) against a manufacturer or seller; and (3) for physical harm caused by the product."  I.C. § 34-20-1-1.  "The IPLA 'codified the entire field of products liability' law in Indiana."  *Hull v. Ethicon, Inc.*, 2020 WL 1154577 at * 4 (S.D. Ind. Mar. 10, 2020) (quoting *Weigle v. SPX Corp.*, 729 F.3d 724, 737 (7th Cir. 2013).  Therefore, when a consumer seeks to recover from a manufacturer or seller for physical harm from a product, the IPLA provides for a single cause of action.  *See Aregood v. Givaudan Flavors Corp.*, 904 F.3d 475, 488 (7th Cir. 2019) (holding that "the district court did not err by granting . . . summary judgment on plaintiffs' common law negligence claim which is preempted by the Indiana Product Liability Act").  Indiana law no longer recognizes common law claims in a product liability action.  *Weigle*, 729 F.2d at 737.

4

In her Complaint, Gunter states she "was a user or consumer" of the meat grinder. (Filing No. 1-3 at ¶ 4, 8.) Gunter also stated she "was using" the meat grinder through the course of her employment, and injured herself while "using" it. *Id.* at ¶ 5, 6. Taking these facts alleged in the Complaint as true, for purposes of this motion, the Court finds Gunter was a "user or consumer" of the meat grinder. Despite this assertion, Gunter argues there is a chance the IPLA does not apply to her and thus she should be allowed to proceed with both claims. She notes that in its answer, Weston stated: "Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiff's Complaint and therefore denies the same." (Filing No. 17 at ¶ 4.) This position is unavailing to the Court. The law is clear that a court generally does not consider a defendant's answer in conjunction with a Rule 12(b)(6) motion, only the plaintiff's complaint. *See Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002).

In her Complaint Gunter asserts that Weston "was involved with the manufacturing, distribution, and/or selling" of the meat grinder. *Id.* at ¶ 3, 10. Gunter's Complaint also outlines the defects with the meat grinder that caused her injury on November 8, 2018, resulting in the amputation of her right hand. Accepting these allegation as true, the action brought by Gunter as "a user or consumer, " against Weston, the manufacturer or seller of the meat grinder, for physical harm caused by the meat grinder, satisfies all elements for a claim under the IPLA.

The IPLA provides a single cause of action when a consumer seeks to recover from a manufacturer or seller for physical harm. *Jarrett v. Wright Medical Technology, Inc.*, No. 1:12-cv-00064-SEB-DML, 2019 WL 2567708, at *2 (S.D. Ind. Jun. 21, 2019). The question of whether a plaintiff's claims are subsumed by the IPLA is not a question of first impression for Indiana courts. In *Cavender v. Medtronic, Inc.*, the court determined that plaintiff's claims of fraud and negligence "f[ell] within the purview of the IPLA." No. 3:16-CV-232, 2017 WL 1365354, at *4

5

(N.D. Ind. Apr. 14, 2017).  The court concluded, since the IPLA subsumes common law negligence claims, "any common law negligence claim [plaintiff] includes in [his or] her complaint must be . . . dismissed with prejudice."  *Id.* at *5.  In *Vaughn v. Daniels Co (W. Va.), Inc.*, the court held that as of 1995, when the IPLA was amended, the IPLA "now applies to all negligence claims brought against a 'manufacturer' of a defective product by a 'user' or 'consumer'."  841 N.E.2d 1133, 1144 (Ind. 2006).  The court in *Vaughn* determined the plaintiff in that case was *not* considered a "user" or "consumer," thus, the negligence claims were governed by conventional common law negligence doctrines, not by the IPLA.  *Id.*  In *Stegemoller v. ACandS, Inc.,* the court stated, "it was clear the legislature intended that the [IPLA] govern[s] all product liability actions, whether the theory of liability is negligence or strict liability in tort."  767 N.E.2d 974, 975 (Ind. 2002) (citation omitted).  After reviewing the case law relied upon by the parties (as well as additional case law), this Court concludes Gunter's common law negligence claim cannot proceed.

Gunter suggests her common law negligence claim should survive as an "alternative" to her claim under the IPLA.  (Filing No. 20 at 1.)  She states "[i]t is well established that claims such as this may be pled in the alternative."  However, this is not a proper basis for denying Weston's Motion to Dismiss.  While it is true courts permit alternative pleadings, Gunter's Complaint does not identify Count II as being pled in the alternative.  Rather, Gunter alleges a common law negligence claim that is within the confines of the IPLA.  Alternative claims falling within the confines of the IPLA "are subsumed into a single cause of action and must be dismissed."  *Warner-Borkenstein v. Am. Med. Sys.*, No. 1:19cv255 DRL-SLC, 2020 WL 364019, at *4 (N.D. Ind. Jan 21, 2020).

As the court explained in *Cincinnati Ins. Co. v. Hamilton Beach/Proctor-Silex, Inc.*, the Indiana legislature intended to pre-empt the field of strict liability in tort.  No. 4:05 CV 49, 2006

WL 299064, at *2 (N.D. Ind. Feb. 7, 2006).  "Though the [IPLA] describes separate proof schemes derived from strict liability and negligence standards, the [IPLA] itself provides for a single cause of action when a consumer seeks to recover from a manufacturer or seller for physical harm" *Id.*

This court has previously stated the IPLA is "applicable to all actions for physical harm brought by a consumer against a manufacturer or seller of a product, regardless of the substantive legal theory." *In re Lawrence W. Inlow Accident Litigation,* No. IP 99–0830–C H/K, 2002 WL 970403 at *12 (S.D. Ind. Apr. 16, 2002).  Gunter's claim falls strictly within these parameters—it is a claim brought for physical harm caused by Weston's meat grinder that Gunter incurred while using the meat grinder.  Accordingly, Gunter's negligence claim is properly treated as subsumed by the IPLA and is dismissed without prejudice.

## IV.   CONCLUSION

For the reasons stated above, Defendant Weston Brand, LLC's Motion to Dismiss (Filing No. 15), is **GRANTED**. Count II of Plaintiff Nancy Gunter's Complaint (Filing No. 1-3), her claim for negligence is **subsumed** by and merged into a single cause of action under that statute. This case will proceed on Count I, Gunter's cause of action pursuant to the Indiana Product Liability Act.

**SO ORDERED.**

Date:   6/11/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jared Adam Harts
GOLITKO & DALY, P.C.
jared@golikodaly.com

Alissa C. Wetzel
BARNES & THORNBURG, LLP (Indianapolis)
awetzel@btlaw.com

Joseph R. Fullenkamp
BARNES & THORNBURG, LLP (South Bend)
Joseph.fullenkamp@btlaw.com

Christopher Edward Trible
MCGUIRE WOODS LLP
ctrible@mcguirewoods.com

Terrance M. Bagley
MCGUIRE WOODS LLP
tbagley@mcguirewoods.com